UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| DAMEIN HAMER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | No. 1:18-cv-1087-JDT-cgc |
| ) | |
| HENDERSON COUNTY, ET AL., ) | |
| ) | |
| Defendants. ) | |

ORDER DISMISSING AMENDED COMPLAINT,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

On March 25, 2019, this Court entered an order dismissing Plaintiff Damein Hamer's *pro se* complaint under 42 U.S.C. § 1983 and granting him leave to amend. (ECF No. 9.) On April 15, 2019, Hamer timely filed his amended complaint. (ECF No. 10.) The Clerk shall record Captain Jeff Smith as an additional Defendant.

The legal standards for assessing the claims in an inmate's complaint were set forth in the prior order of dismissal, (ECF No. 9 at PageID 48-50), and will not be reiterated here.

Hamer repeats many of the allegations from his previous filings regarding his dental care and grievances that he discussed with Defendant Jackie Bausman. (ECF No. 10 at PageID 1-2.) Hamer newly alleges that Bausman told Hamer she would have to talk to Defendant Smith about Hamer's request for a dental appointment. (*Id.* at PageID 2.) He

asserts that the failure of Bausman and Smith to set the dental appointment amounts to deliberate indifference. (*Id.* at PageID 2-3.) He requests punitive damages and that both Bausman and Smith be demoted from their current rank. (*Id.* at PageID 4.)

Hamer's amended complaint also fails to state an Eighth Amendment claim for deliberate indifference. Other than a chipped tooth, he still does not detail the problems his braces are causing or allege that Bausman or Smith knew that Hamer's dental problems amounted to an excessive risk to his health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 837–38 (1994).

For the same reasons discussed in its previous order, the Court DISMISSES Hamer's complaint for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Leave to further amend is DENIED.

Pursuant to 28 U.S.C. § 1915(a)(3), the Court must also consider whether an appeal by Hamer in this case would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. Therefore, it is CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Hamer would not be taken in good faith.

The Court must also address the assessment of the $505 appellate filing fee if Hamer nevertheless appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d

601, 610-11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain*, 716 F.3d at 951. *McGore* sets out specific procedures for implementing the PLRA, §§ 1915(a)-(b). Therefore, Hamer is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in the PLRA and *McGore* by filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Hamer, this is the first dismissal of one of his cases as frivolous or for failure to state a claim. This strike shall take effect when judgment is entered. *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

    s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE